a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

EBDALNASSR ALEBW,                                CIVIL DOCKET NO. 3:26-CV-00073
Petitioner                                                                    SEC P

VERSUS                                           JUDGE ROBERT R. SUMMERHAYS

KRISTI NOEM ET AL,                          MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Ebdalnassr Alebw ("Alebw"), an immigration detainee at Jackson Correctional Central in Jonesboro, Louisiana. Alebw challenges the legality of his continued detention.

Because there is no significant likelihood of Alebw's removal in the reasonably foreseeable future, the Petition should be GRANTED.

I.      Background

Alebw entered the United States on December 29, 2024, without being admitted or paroled. ECF No. 22-4 at 1. He was placed in removal proceedings on March 18, 2025, and he has remained detained since. *Id.*

On June 27, 2025, an immigration judge ordered Alebw removed from the United States to Syria, but granted relief in the form of withholding of removal to Syria. *Id.* The order became administratively final on July 28, 2025. *Id.*

1

On or about November 6, 2025, Enforcement and Removal Operations ("ERO") elevated Alebw's case to the Removal Division at Headquarters, requesting assistance in finding a third country for removal. ECF No. 22-4 at 2. ERO sent follow-up emails on January 12 and March 31, 2026. *Id.*

## II.    Law and Analysis

The Court has jurisdiction to consider Alebw's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.*

2

Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Alebw's removal order became final on July 28, 2025, he has been detained beyond the presumptively reasonable period. So, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Alebw provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future. He was granted withholding of removal to Syria, which is a clear barrier to his repatriation. *See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025); *Trejo v. Warden of ERO El*

*Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025);

*Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, *1 (S.D. Tex. Aug. 15, 2025).

The burden shifts to the Government to provide evidence of a significant likelihood that Alebw will be deported in the reasonably foreseeable future. The Government provides a Declaration of Acting Field Office Director Justin Williams, who states that the Removal Division is "actively seeking a third country." ECF No. 22-4. However, no third country has even been identified, and there are no requests for travel documents pending. Therefore, the likelihood of Alebw being deported in the reasonably foreseeable future is not significant.

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, Alebw has plainly provided a good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

## III.   Conclusion

Because there is no significant likelihood of Alebw's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Alebw be RELEASED under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 27, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE